**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZAKARY JAMES WALLS | |
| Appellant | No. 1034 MDA 2015 |

Appeal from the Judgment of Sentence May 14, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000600-2014

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                           **FILED MAY 16, 2016**

Zakary James Walls brings this appeal from the judgment of sentence imposed on May 14, 2015, in the Court of Common Pleas of Lycoming County.[1]  A jury convicted Walls of aggravated assault (attempt/cause bodily injury to law enforcement officer), simple assault, resisting arrest, and unlawful restraint.[2]  Prior to trial, Walls pleaded guilty to five counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On July 9, 2015, the trial court entered an order dated July 6, 2015, amending the May 14, 2015 sentencing order, as follows:  "The third paragraph shall be Count 13, Resisting Arrest, a misdemeanor of the second degree, as opposed to Count 3.  In all other respects, this Court's Order of May 14th, 2015, shall remain in full force and effect."

[2] 18 Pa.C.S. §§ 2702(a)(3), 2701(a)(1), 5104, 2902(a)(1), respectively. The Commonwealth originally charged Walls in Count 11 under 18 Pa.C.S. § 2702.1(a) ("Assault of law enforcement officer.").  By order entered August

*(Footnote Continued Next Page)*

possession with intent to deliver marijuana, two counts of criminal use of a communication facility, possession of a controlled substance (marijuana), and two counts of possession of drug paraphernalia.[3] The trial court sentenced Walls to an aggregate term of two and one-half to ten years' incarceration, followed by a five-year term of probation. Both issues raised in this appeal challenge the discretionary aspects of the sentence. Based upon the following, we affirm.

The charges against Walls arose as a result of two controlled buys of marijuana on April 2, 2014, and April 3, 2014. The first buy utilized a confidential informant, and the second buy utilized an undercover police officer. The second controlled buy also involved an assault upon the undercover police officer. *See* Affidavit of Probable Cause, 4/3/2014. The charges against Walls were resolved by a guilty plea and jury trial, as stated above.

The trial court summarized the sentence imposed on Walls, as follows:

On May 14, 2015, the Court sentenced [Walls] to two and a half years to 10 years of incarceration for Aggravated Assault (attempt/cause bodily injury to law enforcement officer), three months to 24 months of incarceration for Resisting Arrest, one month to 24 months of incarceration for Delivery of Marijuana, and one month to 24 months of incarceration for another count

*(Footnote Continued)* ────────────

7, 2014, Count 11 was amended to charge Walls with 18 Pa.C.S. § 2702(a)(3), a felony of the second degree. *See* Order, 8/7/2014.

[3] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

of Delivery of Marijuana. The Resisting Arrest sentence is concurrent with the Aggravated Assault sentence. The Delivery of Marijuana sentences are concurrent with one another and concurrent with the Aggravated Assault sentence. The Court sentenced [Walls] to 30 months of probation for Criminal Use of a Communication Facility and 30 months of probation for another count of Criminal Use of a Communication Facility. The Criminal Use sentences were consecutive to each other and consecutive to the Aggravated Assault sentence.

Aggravated Assault (attempt/cause bodily injury to law enforcement officer) is a felony of the second degree. 18 Pa.C.S. § 2702(b). The maximum term of imprisonment for a felony of the second degree is 10 years. 18 Pa.C.S. § 106(b)(3). Therefore, [Walls'] sentence of incarceration for a maximum of 10 years is within the statutory limit.

****

[Walls] had a prior record score of zero. In this case, the Deliveries of Marijuana have an offense gravity score of three, which makes the standard range restorative sanctions to a minimum of one month of confinement. Thus, the sentences of one month to 24 months of incarceration for the Deliveries are within the standard range. Criminal Use of a Communication Facility has an offense gravity score of five, which makes the standard range restorative sanctions to a minimum of nine months of confinement. Thus, the sentences of probation for 30 months for the Criminal Uses are within the standard range. Resisting Arrest has an offense gravity score of two, which makes the standard range restorative sanctions. If a person is convicted of Resisting Arrest and has a prior record score of zero, a court can sentence that person to up to three months minimum confinement and still be within the aggravated range of the guidelines. Thus, the sentence for Resisting Arrest is in the aggravated range. In this case, the Aggravated Assault has an offense gravity score of six, which makes the standard range three months minimum confinement to 12 months minimum confinement. If a person has a prior record score of zero and is convicted of an offense with a gravity score of six, a court can sentence that person to up to 18 months of minimum confinement and still be within the aggravated range of the guidelines. [Walls'] sentence of two and a half years to 10 years for Aggravated Assault is above the aggravated range.

- 3 -

Trial Court Opinion, 7/31/2015, at 1, 3.   Following sentencing, Walls filed

this timely appeal, accompanied by a Pa.R.A.P. 1925(b) statement.

Walls raises two questions for our review:

Was it an abuse of discretion when the trial court imposed a sentence on [Walls] of 2½-10 years for the offense of Assaulting an Officer of the Law,[4] when such sentence, while within the statutory limit, exceeded the aggravated range of the sentencing guidelines for defendants with a [Prior Record Score] of "0" by a full 12 months?

Was it manifestly unreasonable for the trial court to justify in part its sentence by lumping the defendant in with a group of out-of-county drug dealers primarily engaged in the distribution of  cocaine and heroin — a group particularly stigmatized in the local community at the time — when in fact [Walls'] primary purpose for residing in the community was his enrollment and attendance at a local college, with the distribution of marijuana being a mere means of supplementing his income?

Walls' Brief at 7.[5]

_____

[4] Walls' brief states that that he was sentenced to 2½ to 10 years' incarceration "for the first degree felony of assaulting a law enforcement officer."  Walls' Brief at 14.  **See also id.** at 12.  However, as we have noted at Footnote 2, **supra**, Walls' 2½-to-10 year sentence was imposed on the charge of aggravated assault (attempt/cause bodily injury to law enforcement officer), 18 Pa.C.S. § 2702(a)(3), a felony of the second degree.

[5] Walls filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) together with his June 15, 2015 notice of appeal.  In his concise statement, Walls claimed "[t]he trial court abused its discretion in imposing [a] sentence upon [Walls] in excess of the aggravated range of the guidelines when no reasonable basis for this departure existed."  Walls' Concise Statement, 6/15/2015.

In reviewing Walls' sentencing claim, we are guided by the following principles. Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003).

Here, Walls failed to object to his sentence at imposition or file a timely motion to reconsider and modify sentence. On June 5, 2015, following Walls' May 14, 2015, sentencing hearing, trial counsel filed a "Motion to Modify Sentence Nunc Pro Tunc." The trial court denied the motion, concluding in the accompanying opinion:

> [Walls'] implied request for *nunc pro tunc* relief is denied because Defense Counsel [who was present at the sentencing hearing] knew that the sentence was above the aggravated range, and the Court advised [Walls] that post sentence motions had to be filed within 10 days. The Court does not have

- 5 -

jurisdiction to consider the merits of the "Motion to Modify Sentence Nunc Pro Tunc" because it was filed more than 10 days after the imposition of sentence.

Opinion and Order, 6/11/2015, at 3. Accordingly, by failing to file a timely motion to modify his sentence, Walls has waived his challenge to the discretionary aspects of his sentence. *See Mann, supra*.

In any event, even assuming, without deciding, that Walls' claim raises a substantial question,[6] no relief would be due.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

_____

[6] Walls' Rule 2119(f) statement states, in part:

> The trial court placed great emphasis on the need to impose the sentence it did in order to send a message to other drug dealers in the community that [Walls'] actions in assaulting the undercover officer involved in the controlled buy were not to be tolerated. The court further based its sentence on a perceived lack of remorse demonstrated by the defendant as evidenced by his mannerisms during both the trial and the sentencing, as well as the three positives for marijuana use he produced while on supervised bail. The trial court also seemed to discredit any notion that the defendant's behavior stemmed from either behavioral health issues or substance abuse issues, instead attributing his actions primarily to what it believed to be his sense of "arrogance."

> [Walls] therefore avers that he has raised a substantial question and requests review of the discretionary aspects of his sentence.

Walls' Brief at 10–11 (Statement of Reason For Allowance of Appeal of Discretionary Aspects of Sentence).

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted).

This Court's review of the discretionary aspects of a sentence is governed by the statutory mandates of 42 Pa.C.S. § 9781. For sentences that fall outside of the guidelines, the appellate court may vacate the sentence and remand the case to the sentencing court only if the sentence is "unreasonable." 42 Pa.C.S. § 9781(c)(3). However, the guidelines have no binding effect, and do not "predominate over other sentencing factors." ***Commonwealth v. Walls***, 926 A.2d 957, 964–965 (Pa. 2007).

In reviewing the record, we must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d).

> A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

*Sheller, supra*, 961 A.2d at 191 (citation omitted).

The trial court justified the sentence with reasons placed on the record at the sentencing hearing. In its opinion in support of its decision, the trial court explained:

> The Court reviewed [Walls'] pre-sentence investigation report and stated the standard ranges for the offenses. N.T., 5/14/15, at 2-5. The Court also stated that the sentence was outside of the aggravated range. *Id.* at 25-26. The Court considered [Walls'] character and his rehabilitative needs. The Court believes that if [Walls] had truly accepted responsibility for the crimes, he would not have waited as long as he did to seek treatment for drug abuse. *Id.* at 22-23. The Court found that [Walls'] post-conviction use of marijuana showed that he was not remorseful. *Id.* at 24. In addition, the Court found [Walls] to be arrogant and unashamed of the offenses that he committed. *Id.* at 24, 28. A lesser sentence would not "send a message" that [Walls] need[s] to change...." *Id*. at 26.
>
> The Court also considered the circumstances and impact of the offenses. The Court believes that [Walls] was trying to send a message to other drug dealers. *Id.* at 23. The Court found it significant that law enforcement was the victim and that [Walls] showed "disrespect to law enforcement." *Id.* at 25, 28. The Court believes that "a sentence of any less depreciates the seriousness of what [Walls] did that day and the effect that it has on the law enforcement community...." *Id.* at 28.

Trial Court Opinion, 7/31/2015, at 3–4.

At the sentencing hearing, the trial court considered the background information in the Presentence Investigation Report. *See* N.T., 5/14/2015, at 4–5, 21. The court heard the testimony of Walls' grandmother, and Walls exercised his right to allocution and apologized for his actions. The court noted that Walls did not acknowledge his need for drug treatment until shortly before sentencing. The court pointed out Walls had tested positive

for marijuana three times while on bail release, including twice after his conviction, with the most recent positive test occurring one week before sentencing. *Id. See also id.* at 5. The court found Walls lacking in remorse, and also noted his demeanor that "he's above it all." *See id.* at 24–25. The court also considered the nature and circumstances of the offenses, stating "fights between drug dealers won't be tolerated," and noting that "an undercover [officer] is putting [his/her] life on the line." *Id.*, at 25. The court cited Walls "arrogance," and concluded that any lesser sentence would "depreciate[] the seriousness of what [Walls] did that day and the effect that it has on the law enforcement community and the safety of the community in general[.]" *Id.* at 28.

Based on our review of the record, and in light of the applicable standard of review, we would find the court's upward departure from the sentencing guidelines to be properly supported by the court's consideration of relevant sentencing factors, and reasonable under Section 9781(d).

Accordingly, as Walls did not preserve his sentencing claim by filing a timely post-sentence motion, his challenge to the discretionary aspects of the sentence is waived, and, in any event, would fail on the merits. Therefore, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016