J-S54027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESSIE LEWIS SEATON, III | |
| Appellant | No. 2009 WDA 2015 |

Appeal from the Judgment of Sentence December 3, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002538-2013

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 20, 2016**

Dessie Lewis Seaton, III, appeals from the judgment of sentence imposed on December 3, 2015, in the Erie County Court of Common Pleas, following a remand by this Court for resentencing.  A prior panel found Seaton's original sentence, an aggregate term of five to 12 years' imprisonment, was unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), because it included the imposition of a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508.  ***See Commonwealth v. Seaton***, 122 A.3d 1139 (Pa. Super. 2015) (unpublished memorandum). Upon remand, the trial court re-imposed the same sentence, absent the mandatory minimum, for Seaton's jury conviction of possession with intent to deliver ("PWID") heroin, possession of heroin, possession of drug

paraphernalia and criminal conspiracy.[1] On appeal, Seaton challenges the discretionary aspects of his sentence. For the reasons that follow, we affirm.

Seaton's conviction is based upon his control of a sophisticated heroin operation in Erie County, the details of which are aptly summarized in the trial court's opinion and need not be reiterated herein. *See* Trial Court Opinion, 6/21/2016, at 3-6. As noted above, he was originally sentenced to an aggregate term of five to 12 years' imprisonment, which included a mandatory minimum sentence imposed on his conviction of PWID pursuant to Section 7508(a)(7)(ii).[2] Seaton filed a direct appeal, raising a double jeopardy challenge. *See Seaton*, *supra*, unpublished memorandum at 3.[3] Although the panel rejected the double jeopardy claim, it vacated the

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), and 18 Pa.C.S. § 903, respectively.

[2] *See* 18 Pa.C.S. § 7508(a)(7)(ii) (mandatory minimum five years' imprisonment for possession with intent to deliver five to 50 grams of heroin and a prior drug trafficking conviction).

[3] The double jeopardy claim was based upon the fact that Seaton was charged, under another docket number, with possession with intent to deliver 49.9 grams of heroin seized from a vehicle on November 9, 2012. *See* Docket No. 3652 of 2012. That same day, the police obtained a search warrant for the apartment where Seaton stored the heroin that led to the charges in the present case. *See* Trial Court Opinion, 8/1/2014, at 1-2. Seaton argued his possession of the drugs in both locations "stemmed from a single criminal act or episode." *Seaton*, *supra*, unpublished memorandum, at 4. However, the panel concluded the offenses "stemmed from discrete criminal episodes, being both logically and temporally distinct." *Id.* at 9.

judgment of sentence, *sua sponte*, as violative of **Alleyne**, and remanded the case to the trial court for resentencing. **See id.** at 9-13.

Upon remand, the trial court conducted a resentencing hearing on December 3, 2015. At the conclusion of the hearing, the court imposed the following sentence: (1) a term of five to 12 years' imprisonment on the charge of PWID, which fell within the aggravated range of the sentencing guidelines;[4] (2) a concurrent term of three and on-half to seven years' imprisonment on the charge of conspiracy; and (3) a concurrent term of three to 12 months' imprisonment on the charge of possession of drug paraphernalia. The court found the charge of possession merged for sentencing purposes, and directed that the aggregate sentence run consecutively to the drug sentence imposed at Docket No. 3652 of 2012. **See supra** n.3. Seaton filed a post-sentence motion seeking reconsideration of his sentence. The trial court denied the motion on December 9, 2015, and this timely appeal followed.[5]

---

[4] Seaton's conviction of PWID called for a standard range sentence of 42 to 54 months' imprisonment, with an aggravated term of 66 months' imprisonment. **See** Guidelines Sentence Form, 12/3/2015.

[5] On December 23, 2015, the trial court ordered Seaton to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Seaton complied with the court's directive, and filed a concise statement on December 30, 2015.

Seaton's sole claim on appeal is a challenge to the discretionary aspects of his sentence. Specifically, he contends the sentence imposed was "manifestly excessive and clearly unreasonable." Seaton's Brief at 5. Seaton argues the trial court failed to individualize his sentence when it imposed "the exact same sentence upon resentencing" and failed to consider his "accomplishments while in prison and … his heartfelt indication that he had learned from this experience." *Id.* at 4, 8. Moreover, he asserts the trial court "double counted" his prior record by considering it "heavily" when determining his sentence. *Id.* at 4.

Preliminarily, we note "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). Accordingly, to reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Seaton complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in his appellate brief a

statement of reasons relied upon for appeal pursuant to ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). To the extent Seaton argues the trial court imposed a manifestly excessive sentence when it failed to consider his accomplishments in prison, we find that this claim raises a substantial question. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (finding defendant presented a substantial question when he raised an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors.") (citation omitted). Furthermore, Seaton's claims that the court failed to impose an individualized sentence and improperly "double-counted" his prior record also raise substantial questions for our review. ***See Commonwealth v. Walls***, 926 A.2d 957, 966 (Pa. 2007) ("Pennsylvania's sentencing system, as evidenced by the Sentencing Code and our case law, is based upon individualized sentencing.");

*Commonwealth v. Robinson*, 931 A.2d 15, 27 (Pa. Super. 2007) (*en banc*) (claim that trial court "imposed a manifestly excessive sentence … by impermissibly double-counting factors that are already incorporated into the guidelines" raises a substantial question). Accordingly, we proceed to an examination of Seaton's argument on appeal.

When considering a challenge to the discretionary aspects of sentencing, we must bear in mind the following:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Our review of the trial court's opinion, as well as the resentencing hearing transcript, reveals no abuse of discretion on the part of the trial court. Indeed, the court provided a lengthy explanation for the sentence imposed, in which it focused on "the level of sophistication of [Seaton's] drug operation." Trial Court Opinion, 1/21/2016, at 11. The court stated:

> [Seaton's] conviction is based off of a complex, interstate drug operation involving a hierarchical chain of command, with [Seaton] at the top, three mid-level operatives who would travel [from] Detroit to Erie and keep the heroin at the Granada Apartments, and a number of low-level distributors, often addicts themselves …, who would sell the heroin to others and be paid for in doses of heroin.

*Id.* Moreover, the court emphasized "this entire operation was set up under [Seaton's] direction within three months of termination of state supervision in the state of Michigan." *Id.* Indeed, the trial court's focus on Seaton's prior conviction was with regard to the short time period between the end of his supervision in Michigan and the charges in the present case. *See id.* at 10. In this context, we find the court did not "double count" Seaton's prior record.

Pursuant to Section 9721(b) of the Sentencing Code, a trial court should impose an individualized sentence, taking into consideration the following factors:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b). Here, it is evident the court did so. As the trial court explained in its opinion:

> In summary, [Seaton's] sentence was placed in the aggravated range for the following reasons: the level of sophistication of [Seaton's] drug operation; his history of dealing in varying Schedule I controlled substances; the particularly grievous effects Schedule I controlled substances, specifically heroin, and [Seaton's] distribution of heroin have had on the Erie Community; and the fact that [Seaton] was charged with the instant offenses within three months of state supervision in the state of Michigan.

Trial Court Opinion, 1/21/2016, at 13. The court's considerations amply support the imposition of a sentence in the aggravated range of the guidelines.

Lastly, although Seaton asserts the trial court should have considered his accomplishments and good conduct in prison as mitigating factors, he fails to demonstrate that the court abused its discretion. Indeed, the trial court found that Seaton's "accomplishments and positive adjustment [were] considerations for parole" and "not necessarily relevant" for purposes of his resentencing. *Id.* at 7. Seaton fails to provide this Court with any authority to the contrary. Accordingly, no relief is warranted.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2016