COMMONWEALTH of Pennsylvania,
Appellee

v.

Michael J. SHELLER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 17, 2008.
Filed Nov. 10, 2008.

Joseph P. Green, Jr., West Chester, for appellant.

Gerald P. Morano, Assistant District Attorney, West Chester, for Commonwealth, appellee.

BEFORE: BENDER, DONOHUE, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This matter is before the Court on Michael J. Sheller's appeal from judgment of sentence of the Court of Common Pleas of Chester County. On September 18, 2007, following a jury trial, Appellant was convicted of voluntary manslaughter, 18 Pa.C.S.A. § 2503(a)(1), for the shooting death of his wife, Christine Love–Sheller. On November 30, 2007, he was sentenced to eight to twenty years imprisonment.

Appellant challenges the discretionary aspects of his sentence. After review, we affirm.

¶ 2 The record establishes that there was significant tumult in this marital relationship for a considerable time preceding the killing. In the early morning hours of February 4, 2006, Appellant awoke and left his room. He found his wife sleeping on the sofa in the living room. Appellant woke her and asked where his son was. The two apparently exchanged cross words, and, in response to a pointed and accusatory inquiry by Appellant, according to Appellant, wife made a comment acknowledging that she had a boyfriend and suggesting that the children preferred the boyfriend over Appellant. Appellant exited the living room and proceeded to the garage where he retrieved a loaded shotgun. He returned to the living room, where wife was sleeping on the sofa, facing away from Appellant. Appellant placed the barrel of the shotgun against the back of her head and pulled the trigger, killing her instantly. Appellant then went outside and shot himself in the head, inflicting a serious, but non-fatal wound. The wife's body was discovered by her twelve-year-old daughter, who was upstairs at the time of the shooting.

¶ 3 Appellant was charged with first-degree murder, third-degree murder, possession of an instrument of crime, and voluntary manslaughter. He was found guilty by a jury of voluntary manslaughter. He was sentenced to eight to twenty years imprisonment. A motion to modify sentence was denied. This appeal followed.[1]

¶ 4 Appellant raises the following issue in this appeal:

Did the sentencing court err in departing from the guidelines and imposing an unreasonable sentence that was beyond the aggravated range of the sentencing guidelines without stating adequate and lawful reasons not subsumed in the guidelines?

Brief for the Appellant, at 4.

■■■ ¶ 5 The issue raised represents a challenge to the discretionary aspects of sentencing. There is no absolute right to appeal the discretionary aspects of sentencing. *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006). To properly preserve the discretionary aspects of sentencing for appellate review, the issue must be raised during sentencing or in a timely post-sentence motion. *Id.;* Pa. R.Crim.P. 720. If properly preserved, the applicable procedures and standards governing our review are as follows:

Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

---

1. Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b) on January 25, 2008. The trial court filed a comprehensive 1925(a) statement of reasons on April 15, 2008.

*Commonwealth v. Fiascki,* 886 A.2d 261, 263 (Pa.Super.2005), appeal denied, 587 Pa. 684, 897 A.2d 451 (2006) (certain internal citations omitted). Appellant has complied procedurally by preserving the issue in the trial court and by including the requisite statement in his brief. We find that Appellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review. *Commonwealth v. Holiday,* 954 A.2d 6, 12 (Pa.Super.2008); *Commonwealth v. Hoch,* 936 A.2d 515, 518 (Pa.Super.2007); *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) *(en banc).* As such, we will review the merits of the challenge to the sentence.

¶ 6 This Court set forth the standard for reviewing a claim challenging a discretionary aspect of sentencing in *Commonwealth v. Shugars,* 895 A.2d 1270, 1275 (Pa.Super.2006) (citation omitted), as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

¶ 7 When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz,* 592 Pa. 120, 923 A.2d 1111, 1118 (2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls,* 926 A.2d 957, 965 (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz,* 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby,* 784 A.2d 204, 206 (Pa.Super.2001). When a court chooses to depart from the guidelines however, it must "demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines." *Eby,* 784 A.2d at 206. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

¶ 8 When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957, 962 (2007). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." *Walls*, 926 A.2d at 964. These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

¶ 9 In the instant case, the sentencing court, with the benefit of a pre-sentence investigation report, sentenced Appellant to eight to twenty years imprisonment, which was six months beyond the aggravated range.[2] The sentencing court explained its considerations and reasoning for its sentence as follows:

I have to consider the general principles that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates on the impact of the victims, victim, I should say, and victims, on the community as well as your rehabilitative needs. I also must, as I said, consider those guidelines. And I must consider the factors specified in our Pennsylvania sentencing code, which requires me to balance the background, character and circumstances of you, Mr. Sheller, and the

circumstances of this crime and your rehabilitative needs.

I am going to sentence outside of the aggravated range of the guidelines. And my reasons for departure from the aggravated range are as follows: The recommendation of the prosecution in this case. The trauma imposed upon this family is unspeakable. The children are left without a mother. The shooting was close range to the head. The victim was lying down. The life of the victim being taken in such a violent fashion has caused extreme hardship to others. This offense of Voluntary Manslaughter, in this Court's humble opinion is more onerous than usual. Anything less would depreciate the seriousness of what has happened here.

N.T., 11/30/2007, at 51–52.

¶ 10 Appellant contends that the factors upon which the sentencing court relied to upwardly depart were inadequate and subsumed in the sentencing guidelines. Appellant argues that the sentencing court relied on numerous impermissible factors, including the use of a deadly weapon, the statements of the victim's relatives, the delay between the confrontation with the victim and the shooting, and a dissatisfaction with the verdict because it resulted in Appellant "g[etting] away with murder."

¶ 11 It is clear from the sentencing court's statement that it considered all the requisite factors, including the nature and circumstances of the offense, the recommended guideline range, protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant, when fashioning Appellant's sentence. *See* 42 Pa.C.S.A. §§ 9781(d), 9721(b). Further, the sentencing court had a pre-sentence investigation report at the time of sentenc-

2. The aggravated range is 90 months.

ing and clearly had an opportunity to generally consider and observe Appellant's history and characteristics. *See Commonwealth v. Walker*, 446 Pa.Super. 43, 666 A.2d 301 (1995). We find no abuse of discretion.

¶ 12 Even if the sentencing court relied on factors that were subsumed into the guideline recommendation, such as the use of a deadly weapon or the delay before the shooting, there was no abuse of discretion. Even if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines. *Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, 896–897 (1996); *Commonwealth v. P.L.S.*, 894 A.2d 120, 133 (Pa.Super.2006). Here, the sentencing court specifically recited proper factors that it took into consideration when determining the appropriate sentence for Appellant, including the impact the crime had on relatives of the victim and that Appellant committed the crime in the family home while the victim's twelve-year-old daughter was present, causing the child to suffer the trauma of finding her mother's body.

¶ 13 Judgment of sentence affirmed.

¶ 14 Judge Donohue concurs in the result.