J-S06037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK R. RAMIREZ, | |
| Appellant | No. 2156 MDA 2014 |

Appeal from the Judgment of Sentence November 3, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000361-2014

BEFORE:  PANELLA, J., MUNDY, J., AND STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 28, 2016**

Appellant Patrick R. Ramirez appeals from the judgment of sentence entered by the Honorable Tina Polachek Gartley of the Court of Common Pleas of Luzerne County after a jury convicted Appellant of Driving Under the Influence of Alcohol or Controlled Substance (DUI), Accidents Involving Death or Personal Injury, Careless Driving, and Fail to Stop and Give/Render Aid.[1]  Appellant claims the trial court abused its discretion in imposing a sentence in the aggravated range of the sentencing guidelines without providing its rationale on the record.  After careful review, we affirm.

On September 8, 2013, Appellant, along with his close friends Shane Stewart ("the victim"), Derek Marsh, and Stuart Thompson, became

---

[1] 18 Pa.C.S. § 3802(a)(1) (General Impairment/Incapable of Safe Driving), 18 Pa.C.S. § 3802(a), 75 Pa.C.S. § 9714(a), 75 Pa.C.S. §3744(a).

*Former Justice specially assigned to the Superior Court.

intoxicated after socializing at several bars in Wilkes-Barre in their employer-provided truck. In the early hours of the morning, the men decided to go to McDonald's on Kidder Street to eat. While in the parking lot, the victim was revving the truck's engine and squealing the tires. After the victim and Appellant engaged in an argument, the victim got out of the truck and Appellant moved to the driver's seat and began to drive towards the drive-through window.

At some point, the victim ran towards the truck and attempted to jump onto the moving vehicle as it hit and bounced over a curb. The victim fell off the vehicle and landed on the road in the parking lot. An eyewitness, Shannon McAndrew, ran towards Appellant's vehicle to tell him that he hit the victim. Appearing not to believe that the victim was injured, Appellant approached the victim and asked him to get up. Ms. McAndrew noticed that Appellant was impaired as his speech was slurred and slow and he stumbled as he walked. Once Appellant observed blood coming from the victim's mouth and nose, Appellant fled the scene of the accident in the truck. Ms. McAndrew told police that Appellant ran back to the truck, jumped several curbs, and sped out of the parking lot at a high rate of speed before driving over the median on the main road.

Bystanders attended to the victim and called emergency personnel. The victim died as a result of his injuries. Officers apprehended Appellant in a hotel room that he was sharing with the victim and their friends. Appellant refused to take a blood alcohol test.

A jury convicted Appellant of the aforementioned offenses, but acquitted him of Homicide by Vehicle While Driving under the Influence and Accidents Involving Death/Injury - Not Properly Licensed. The trial court sentenced Appellant to twenty-four to forty-eight months imprisonment on the Accidents Involving Death/Personal Injury count, a concurrent term of ninety days to six months imprisonment on the DUI count, and fines on the remaining counts. Appellant filed a motion to modify his sentence, which the trial court subsequently denied. This timely appeal followed.

Appellant's sole claim on appeal is that the trial court abused its discretion in imposing an aggravated range sentence without placing its reasons on the record for the deviation. Appellant challenges the discretionary aspects of his sentence for which there is no automatic right to appeal. 42 Pa.C.S. § 9781(b).

> In order to appeal the discretionary aspects of a sentence, the defendant must set forth in his brief a statement of the reasons relied upon for allowance of appeal, and such statement must precede the defendant's argument on the merits. Pa.R.A.P. 2119(f). Further, the defendant's statement must raise a substantial question as to whether the court properly considered the sentencing guidelines.

***Commonwealth v. Downing***, 990 A.2d 788, 792 (Pa. Super. 2010). In this case, Appellant has included in his appellate brief a statement of the reasons relied upon for allowance of appeal pursuant to Rule 2119(f). Moreover, we have previously determined that an appellant raises a substantial question when he alleges that the trial court failed to state

sufficient reasons on the record when imposing an aggravated range sentence. **Commonwealth v. Fullin**, 892 A.2d 843, 850 (Pa. Super. 2006). Thus, we may proceed to review the merits of Appellant's claim.

It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015). Section 9781 of the Judicial Code requires this Court to vacate a sentence and remand for resentencing if the sentencing court imposed a sentence that is outside of the sentencing guidelines and the sentence is unreasonable. 42 Pa.C.S.A. § 9781(c)(3). In addition, Section 9781 provides,

> ... In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

While the sentencing court is required to consider the applicable ranges set forth in the sentencing guidelines, the sentencing guidelines are advisory, and when justified, a court acts well within its discretion to sentence outside the recommended ranges. **Commonwealth v. Sheller**,

961 A.2d 187 (Pa. Super. 2008). A trial court is permitted to impose a sentence outside the ranges set forth in the sentencing guidelines if the court demonstrates its awareness of the sentencing guidelines and states its reasons for deviating from the guidelines on the record. *Commonwealth v. Bowen*, 55 A.3d 1254, 1263–64 (Pa. Super. 2012).

At Appellant's sentencing hearing, the Commonwealth presented the impact testimony of the victim's mother, Betty Stewart. In response, defense counsel called Appellant's mother and sister as witnesses. Both women gave statements that Appellant was a good man that made a mistake. However, both women acknowledged "justice has to be done for Shane" (the victim). N.T. Sentencing, 11/3/14, at 13-14. Appellant also called expert witness Ned Delaney, a licensed psychologist, who found Appellant does not exhibit any personality disorders but noted Appellant had "incidents of alcohol abuse from time to time." N.T. at 11. Appellant took the stand, taking responsibility for his actions and admitting the victim was his best friend.

At the conclusion of the hearing, the trial judge indicated that she had reviewed the presentence investigation report and all the testimony given at the hearing. The trial judge emphasized that this was not Appellant's first DUI conviction and noted that Appellant was not only intoxicated, but driving without a license. Emphasizing that a lesser sentence would "depreciate the seriousness of this crime," the trial court observed that Appellant fled the

scene after finding his best friend dying on the ground and refused to take a blood test upon his apprehension.

Based on our review of the record, we find that the trial court considered all relevant factors and provided adequate reasons for sentencing Appellant outside of the sentencing guidelines. As noted above, the trial court had the benefit of a pre-sentence investigation report. Prior to imposing sentence, the trial court stated that it had considered the sentencing guidelines and the nature of this particular crime. The trial judge further noted on the record that she was deviating from the guidelines for the several reasons, suggesting that Appellant's "minimal consequences" for his first DUI conviction did not successfully help rehabilitate Appellant or dissuade him from driving under the influence on another occasion. The trial judge emphasized that Appellant tried to avoid legal consequences for his actions even when he had caused the fatal injuries of his best friend. Accordingly, we conclude that the trial court did not abuse its discretion in imposing its aggravated range sentence.

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2016