J-S11019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MATTHEW LEE SMITH | |
| Appellant | No. 808 WDA 2016 |

Appeal from the Judgment of Sentence April 27, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002956-2015

BEFORE:  OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 17, 2017**

Appellant, Matthew Lee Smith, appeals from the judgment of sentence of thirty-six to seventy-two months of incarceration, imposed April 27, 2016, following his guilty plea to one count of robbery.[1]  We affirm.

In August 2015, Appellant robbed a Springfield Township bank.  **See** Notes of Testimony (N.T.), 3/9/16, at 10.  On March 9, 2016, Appellant entered a guilty plea to a single count of robbery.  On April 27, 2016, Appellant was sentenced to thirty-six to seventy-two months of incarceration, to be served consecutive to his sentence at Criminal Information No. CP-20-CR-0000551-2011 in Crawford County.  Appellant timely filed a post-sentence motion, which the court denied.

_____

[1] 18 Pa.C.S. § 3701(a)(1)(vi).

[*] Former Justice specially assigned to the Superior Court.

Appellant timely appealed and filed a court ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

Appellant presents a single question for our review:

> Was the sentence in this case manifestly excessive and clearly unreasonable, as it was within the aggravated range, without sufficient reason, and was not individualized as required by law, especially in that the sentence did not properly take into account the several mitigating factors present?

Appellant's Brief at 1 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

A substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive many raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the court's imposition of a sentence of thirty-six to seventy-two months of incarceration was manifestly excessive and clearly unreasonable in that it was not individualized and was within the aggravated range without sufficient reason being expressed by the court. **See** Appellant's Brief at 3. Appellant also asserts that the court ignored several mitigating factors presented by counsel at the time of sentencing. **Id.** at 4.

A claim that the court erred in imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*). Accordingly, we may consider the merits of Appellant's argument.

- 3 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge and a sentence will not be disturbed on appeal absent an abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (internal citation omitted). Pursuant to statute,

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). The trial court is required to consider the sentencing guidelines. *See Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016), *appeal denied,* 145 A.3d 161 (Pa. 2016).

Appellant was sentenced within the guidelines, although in the aggravated range. Accordingly, we vacate only if Appellant's sentence involves circumstances where the application of the guidelines would be clearly unreasonable. 42 Pa.C.S. § 9781(c)(2).

Appellant argues that the sentencing court ignored the mitigating factors presented at the hearing, including 1) Appellant's sincere remorse for his conduct; 2) Appellant had cooperated with authorities, admitted his guilt by confessing, and implicated a co-defendant who was subsequently prosecuted; and 3) Appellant pleaded guilty. *See* Appellant's Brief at 6.

Further, Appellant argues the court relied upon impermissible factors such as Appellant's prior record score.

However, trial courts are permitted to "use prior conviction history and other factors already included in the guidelines if[] they are used to supplement other extraneous sentencing information." *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). Further, our review of the record belies Appellant's contentions.

At sentencing, Appellant argued that he felt sincere remorse for his actions and that he felt terrible for traumatizing the victim. *See* N.T., 4/27/16, at 8. He stated he was willing to take responsibility for his actions. *Id.* at 9.

The sentencing court noted that it had read the presentence report, sentencing guidelines, and victim impact statement. *See*, *e.g.*, *Commonwealth v. Fullin*, 892 A.2d 843, 849–50 (Pa. Super. 2006) (noting that where the sentencing judge has the benefit of a pre-sentence report it is presumed he was aware of and weighted relevant mitigating statutory factors); *see also* N.T., 4/27/16, at 12. The court recognized that Appellant had chosen to plead guilty and had cooperated with investigators; however, it also noted Appellant had been implicated by a co-defendant and had not turned himself in. *Id.* The court specifically noted Appellant's twenty-one year long criminal history to explain its disbelief of Appellant's expression of remorse and the court's need to protect the public. *Id.* The court also noted that Appellant had been on state supervision at the time he committed

the instant bank robbery. *Id.* In sum, the aggravating factors outweighed the mitigating factors. *Id.* at 15.

Accordingly, based on the above, the sentencing court did not abuse its discretion in imposing a sentence in the aggravated range. *See Bonner*, 961 A.2d at 190. The court appropriately explained its reasons for sentencing Appellant and indicated it was aware of the applicable guidelines, and accordingly, Appellant is not entitled to relief on this claim. *See*, *e.g.*, *Shugars*, 895 A.2d at 1278-79.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017