J-S54039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTOINE MAURICE BAKER :
:
Appellant : No. 355 WDA 2017

Appeal from the Judgment of Sentence January 27, 2017
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000557-2015

BEFORE: OTT, MOULTON, and FITZGERALD,[*]JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 30, 2017**

Appellant Antoine Maurice Baker appeals from his judgment of sentence of twenty-four to seventy-two months' imprisonment for possession with intent to deliver a controlled substance ("PWID").[1] Appellant's sole issue on appeal is whether his sentence was excessive because the trial court disregarded the stipulation in Appellant's guilty plea agreement to treat this conviction as his first PWID offense. We affirm.

Appellant was arrested on March 12, 2015 and charged with PWID and other offenses. On August 17, 2015, Appellant pled guilty to one count of PWID for possessing 0.33 grams of heroin with intent to deliver. The

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

remaining charges were nol prossed, and the court scheduled sentencing for October 29, 2015. Appellant failed to appear on that date, and the court issued a bench warrant for his arrest. On January 17, 2017, Appellant was arrested on the bench warrant. On January 27, 2017, the court sentenced Appellant to the aforementioned term of imprisonment. The sentence was below the standard range of the Sentencing Guidelines.[2] The Commonwealth waived the Recidivism Risk Reduction Incentive ("RRRI") restrictions, and the court entered an RRRI minimum of 18 months.

On February 3, 2017, Appellant filed a post-sentence motion alleging that the trial court abused its discretion by imposing an excessive sentence. On February 6, 2017, the court denied Appellant's motion. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

> Whether the sentenc[ing] court abused its discretion and imposed a manifestly excessive and unfairly severe punishment by imposing a term of incarceration upon [] Appellant, of not less than two (2) years nor more than six (6) years['] imprisonment for [his PWID] conviction where the plea agreement was that [Appellant's] conviction was to be treated as a first offense and not as a subsequent offense.

_____

[2] Appellant's offense gravity score was six, and his prior record score was five, making the standard sentencing range twenty-seven to thirty-three months.

Appellant's Brief at 7. In other words, Appellant complains that the trial court improperly treated Appellant's conviction as a second PWID offense, even though his guilty plea agreement required the court to treat it as a first PWID offense. Appellant is not entitled to relief.

This Court has held:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted). The Rule 2119(f) statement

> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphasis in original).

Here, Appellant timely appealed, preserved the issue in his post-sentence motion and included a Pa.R.A.P. 2119(f) statement in the brief. ***See Evans***, 901 A.2d at 533. Further, Appellant raises a substantial claim by arguing that the trial court disregarded the terms of his guilty plea agreement by sentencing him as a second-time PWID offender. Accordingly, we examine the merits.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). A sentence may be found unreasonable if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007) (citation omitted). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

The maximum sentence for a first PWID offense involving heroin is fifteen years' imprisonment. **See** 35 P.S. § 780-113(f)(1). In the event of a second PWID conviction involving heroin, the court may sentence the defendant up to twice the term for a first offense, or a maximum of thirty years' imprisonment. **See** 35 P.S. § 780-115(a).

The record establishes that Appellant's sentence was not affected by the fact that it was his second PWID offense. During sentencing, the following exchange took place:

> THE COURT: Now I've got to do some math. Mr. Baker, in looking at this case, number one, this is a second PWID?
>
> MR. STRAUB [Appellant's counsel]: Your Honor, as part of the plea agreement, it was to be sentenced as a first.
>
> THE COURT: But technically it is a second.
>
> MR. STRAUB: Yes, Your Honor.
>
> THE COURT: **I won't go beyond that.** You've got some substantial family issues.

N.T., 1/27/17, at 9 (emphasis added). Thus, the court made clear that it gave no weight to the fact that this was Appellant's second PWID conviction. Moreover, the court sentenced Appellant to a minimum below the standard guideline range for a first PWID offense, **see** n.1, **supra**, and his maximum was far below fifteen years (the maximum for a first PWID offense) and thirty years (the maximum for a second PWID offense). For these reasons,

- 5 -

Appellant has no basis for arguing that the court disregarded the terms of his guilty plea agreement in the course of imposing sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017