J-S84037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY SCOTT NIEVES | |
| Appellant | No. 1371 EDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0000031-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY SCOTT NIEVES | |
| Appellant | No. 1373 EDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0000032-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY SCOTT NIEVES | |
| Appellant | No. 1374 EDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0000033-2013

COMMONWEALTH OF PENNSYLVANIA

v.

ANTHONY SCOTT NIEVES

                        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1375 EDA 2016

Appeal from the Judgment of Sentence March 22, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0000669-2013

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED SEPTEMBER 22, 2017**

Appellant, Anthony Scott Nieves, appeals from the judgment of sentence of eighteen to thirty-six years' imprisonment imposed in the Monroe County Court of Common Pleas after a jury found him guilty of, *inter alia*, one count of involuntary deviate sexual intercourse ("IDSI")[1] and two counts of rape.[2] Appellant contends that the trial court abused its discretion when sentencing in the aggravated range. We affirm.

Collectively, the four bills of information charged Appellant with committing sexual and drug-related offenses at his residence against four victims. One victim was his thirteen-year-old daughter; the other victims were thirteen- or fourteen-year-old friends of Appellant's daughter. One

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 3121(a)(4).

information alleged that during June 2011, one victim, L.B., stayed overnight at Appellant's residence with his daughter. The following morning, Appellant drove his daughter to another friend's house and left L.B. behind at his house. When Appellant returned, he had vaginal and oral intercourse with L.B. and recorded the assault on his video camera. Appellant also gave L.B. rum or prescription pills on two dates in June 2011. The three other informations accused Appellant of committing crimes in November 2012. Specifically, on November 23, 2012, Appellant crushed up an oxycodone pill, a prescribed narcotic, put it on a spoon with whipped cream, and gave it to a second victim, M.M. He also furnished rum to M.M., who vomited several times and had to visit a local hospital for examination. Further, on November 23, 2012, Appellant furnished rum and oxycodone to a third victim, K.L. Later that night, Appellant had vaginal intercourse with K.L. in his bed. Finally, at some point between November 23, 2012 and November 27, 2012, Appellant gave rum and oxycodone to his daughter, K.N., and then penetrated her vagina with his penis and finger.

The trial court consolidated the four informations, and Appellant pleaded guilty to IDSI, production of child pornography,[3] possession with intent to deliver a controlled substance ("PWID")[4] and two counts of rape.

---

[3] 18 Pa.C.S. § 6312(b).

[4] 35 P.S. § 780-113(a)(30).

On March 22, 2016, the trial court held a hearing pursuant to 42 Pa.C.S. § 9799.24 to determine whether Appellant is a sexually violent predator ("SVP"). The Commonwealth's expert on SVP assessments testified that Appellant has an "unspecified paraphilic disorder," which the expert characterized as an abnormal attraction to post-pubertal teenagers. N.T., 3/22/16, at 16-17. The expert noted that Appellant manifested this disorder because "[w]e have three victims of the same age, three victims who were non-consenting, three victims who were groomed,[5] and three in a time period beyond . . . six months that also caused distress to the victims." *Id.* at 18. In addition, Appellant had a history of psychotic disorder, although "it does not appear that the psychotic disorder was the impetus for the sexual offending. The paraphilic disorder was." *Id.* at 19. The paraphilic disorder was an incurable lifelong condition that must be managed with appropriate treatment. *Id.* at 19-20. Based on this evidence, the trial court determined that Appellant is an SVP.

The trial court then reviewed a presentence investigation report ("PSI") and heard statements from or on behalf of the victims, a statement from Appellant, and argument from counsel for both parties. *Id.* at 31-40. The trial court sentenced Appellant to three consecutive terms of 72-144

---

[5] The expert observed that the grooming mechanisms were furnishing alcohol and drugs to the victims and "telling one victim that he loved her and she was beautiful, also that she owed him . . . for loaning her money." *Id.* at 13.

months' imprisonment on the two counts of rape and the single count of IDSI.[6]

Appellant filed a timely motion for reconsideration of sentence, which the trial court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue in this appeal:

> Whether the trial court erred in sentencing [Appellant] to an aggravated range sentence of eighteen (18) to thirty six (36) years on two counts of [r]ape and one count of [IDSI], where said sentence was outside of the recommended sentence in the PSI, was grossly disproportionate to the sentence of others convicted of the same types of offenses, neither reflects his rehabilitative needs nor was . . . necessary to protect the community, and therefore violates the fundamental norms of the sentencing process?

Appellant's Brief at 13 (with minor grammatical revisions). No relief is due.

This Court has stated that:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

---

[6] The court also imposed concurrent terms of imprisonment for one count of production of child pornography and one count of PWID.

> is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (quotation marks and some citations omitted).

> The Rule 2119(f) statement
>
> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphasis in original).

Here, Appellant timely appealed, preserved his discretionary aspects of sentencing issue in his motion for reconsideration of sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. **See Evans**, 901 A.2d at 533. Appellant notes that his PSI recommended an aggregate standard range sentence of fifteen to thirty years' imprisonment, and that the trial court imposed an aggregate sentence of eighteen to thirty-six years' imprisonment, which fell in the aggravated range. Appellant's Brief at 15.

Appellant asserts that the trial court abused its discretion because it sentenced in the aggravated range without adequately considering mitigating factors, in particular, the fact that his psychosis could be controlled with medication. *Id.* This presents a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted). Accordingly, we proceed to the merits of Appellant's argument.

This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted).

When reviewing the reasonableness of a sentence, an appellate court should consider four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d)(1)-(4). A sentence may be found unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit

- 7 -

consideration by the sentencing court of the general standards applicable to sentencing[.]" ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Here, the trial court reviewed Appellant's PSI. His prior record score was zero. The offense gravity score for rape and IDSI is twelve, and the standard range minimum sentence is forty-eight to sixty-six months with an aggravated/mitigated range of plus or minus twelve months. N.T., 3/22/16, at 42. The court balanced the aggravating and mitigating factors as follows:

> Here we have four different victims, although one was not pled of a sexual nature, but the MO, if you will, of this has been fairly consistent on each of these.
>
> The lasting impact in this kind of a case to the victims is beyond measure. This is not the kind of thing—honestly, as much as a paraphilic disorder is something that's never cured but managed, the trauma associated with these kinds of events on the victims is, likewise, something that doesn't get cured but rather they have to manage day to day every day for the rest of their lives as well . . . .
>
> I also . . . agree with [the prosecutor] that there is an additional aggravating circumstance here which is the relationship . . . the position of trust and caregiver [to Appellant's daughter]. There's also a biological connection [with his daughter].
>
> There was also the videotaping which . . . aside or in addition to the physical, there's the demeaning videotaping

- 8 -

of these events, the fact that [Appellant's] son was in the residence and he was a minor . . . .

I agree with [defense counsel that] there is a mitigating circumstance here in that [Appellant] suffers from a serious mental illness. That's uncontroverted, and I don't take any issue with that whatsoever . . . . My balancing of that, however, takes me to a place where in its totality I believe an aggravated sentence is warranted . . . .

*Id.* at 40-41.

Based on this reasoning, we conclude that the trial court carefully studied all relevant factors and imposed a sentence that was tailored to Appellant's individual needs and circumstances and was "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The court acted within its discretion by imposing consecutive aggravated range sentences on Appellant for two counts of rape and one count of IDSI. *See Walls*, 926 A.2d at 966-67 (affirming statutory maximum sentence sentences in excess of sentencing guidelines for rape of and IDSI with victim less than thirteen years old, where sentencing decision was individualized with respect to defendant, and properly took into account protection of public, gravity of offenses as they related to impact on life of victim and community, and rehabilitative needs or prospects of rehabilitation for defendant).

Judgment of sentence affirmed.

Judge Solano joins the Memorandum. Judge Olson Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2017