J-S70024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS J.F. FIGUEROA-FAGOT | : | |
| | : | |
| Appellant | : | No. 3065 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009312-2012

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 12, 2019**

Carlos J.F. Figueroa-Fagot appeals from the judgment of sentence entered on July 6, 2017, following a resentencing hearing. He challenges the discretionary aspects of his sentence. We affirm.

The facts of this case are not dispositive of this appeal, as such we do not restate them. The procedural history of this case is as follows:

> On September 12, 2013, [Figueroa-Fagot] was convicted of Attempted Kidnapping, Unlawful Contact with a Minor, Interference with Custody of Children, Corrupting the Morals of a Minor (CMOM), Indecent Assault, and Simple Assault following a jury trial before the Honorable Alice Beck Dubow. Sentencing was deferred for pre-sentence investigation, mental health evaluation, and sex offender assessment. On April 4, 2014, [Figueroa-Fagot] was sentenced to an aggregate term of incarceration of seventeen (17) to thirty four (34) years. A direct appeal followed. The Superior Court overturned the convictions for Unlawful Contact with a Minor, Corrupting the Morals of a Minor, and Indecent Assault. The judgment of sentence was also vacated and remanded to the trial court for re-sentencing.

On July 6, 2017, [Figueroa-Fagot] was resentenced before this [c]ourt to an aggregate sentence of fifteen (15) to thirty (30) years followed by 5 years of probation. [Figueroa-Fagot] filed a Motion for Reconsideration of Sentence, which was denied on August 28, 2017. This direct appeal followed.

Trial Court Opinion ("TCO"), filed February 13, 2018, at 1.

On appeal, Figueroa-Fagot raises one issue:

Did not the lower court err and abuse its discretion by sentencing Mr. Figueroa-Fagot to an unreasonable sentence that was higher than the standard range of the Sentencing Guidelines, without adequate reasons, on the basis of considerations, including the nature of the offense, his prior criminal history and the use of a deadly weapon, that were already factored into the Sentencing Guidelines and did not the lower court further err by failing to give proper consideration to Mr. Figueroa-Fagot's personal circumstances and mitigating factors?

Figueroa-Fagot's Br. at 3 (answer of trial court omitted).

Figueroa-Fagot challenges the discretionary aspects of his sentence, therefore before addressing the merits of his claim, we must determine whether: (1) the appeal is timely; (2) the issue was preserved; (3) the brief includes a Pa.R.A.P. 2119(f) statement; and (4) a substantial question is raised. **See Commonwealth v. Edwards**, 194 A.3d 625, 636 (Pa.Super. 2018).

Here, the appeal is timely; the issue was preserved in a post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now address whether he has presented a substantial question. First, Figueroa-Fagot claims that the trial court counted factors that were already considered in the Sentencing Guidelines, which raises a substantial question. **See Commonwealth v. Goggins**, 748 A.2d 721, 731 (Pa.Super. 2000) (*en banc*).

Second, he claims his sentence is unreasonable and excessive, without further explanation. This bald assertion of an excessive sentence does not raise a substantial question. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating "a bald allegation that a sentence is excessive does not raise a substantial question").

He also claims "that the lower court erred in sentencing him in violation of 42 Pa.C.S.[A.] § 9721(b)," but fails to state how the trial court violated this section. "[T]he Rule 2119(f) statement must specify . . . what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing)." *Goggins*, 748 A.2d at 727. Additionally, he claims that his sentence was "not individualized," which raises a substantial question. *See Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa.Super. 2016) (finding a claim that the trial court failed to consider individualized needs raised a substantial question). We now address the merits of the two claims raising a substantial question.

First, Figueroa-Fagot claims that the trial court "relied upon factors which were already accounted for by [his] prior criminal history, and the nature of the offense." Figueroa-Fagot's Br. at 10.

"Sentencing is a matter vested in the sound discretion of the sentencing judge," and therefore, we review a trial court's imposed sentence for an abuse of discretion. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008). An abuse of discretion is present "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that

the action is a result of partiality, prejudice, bias or ill will." ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). "[A] sentencing court may not 'double count' factors already taken into account in the [S]entencing [G]uidelines." ***Goggins***, 748 A.2d at 732.

Here, the record belies Figueroa-Fagot's argument that the trial court double counted factors, specifically his prior criminal history. Before imposing its sentence, the trial court stated, "I certainly have a sense of the gravity of the situation, the gravity of the crime, the need of the mental health issues with regard to [Figueroa-Fagot], the impact on the complainant, her family, and society." N.T., Sentencing Hearing, 07/06/17, at 50. It then placed its reasoning for sentencing in the aggravated range for each charge:

> I am going outside of the sentencing guidelines in the aggravated range based on the totality of the circumstance[s], the guidance that I received from Judge Dubow in terms of her sentencing, and all that I have heard and taken into consideration today. . . This is a situation that is clear – every child, every parent, one of the most fearful situations to have your young child snatched or attempted to be snatched off the streets of Philadelphia. In this instance, fortunately, it was not a completed act, but it certainly left its impact and its trauma. And it[']s the type of crime that impacts not only the victims themselves, but the community, when you can't send your child to do something as innocent as getting some water ice, and then forever having fear their safety on the streets.

***Id.*** at 52-53. Based on the above, we conclude the court did not double count Figueroa-Fagot's criminal history. It imposed his sentence based on "the protection of the public, the gravity of the offense as it relate[d] to the impact

on the life of the victim and on the community, and the rehabilitative needs of [Figueroa-Fagot]." 42 Pa.C.S.A. § 9721(b).

Next, Figueroa-Fagot claims that the trial court failed to impose an individualized sentence. Again the record negates this argument. As set forth above, the trial court stated on the record at sentencing that it was aware of the "gravity of the situation, the need of the mental health issues with regard to [Figueroa-Fagot], the impact on the complainant, her family, and society." Defense counsel presented the trial court with significant details regarding Figueroa-Fagot's mental health during the sentencing hearing. **See** N.T. at 35-38. Cognizant of this information, the trial court ordered that he serve his time of imprisonment at a correctional facility that specializes in mental health treatment and that the Mental Health Unit of the Probation/Parole Unit supervise him once he is released from prison. **Id.** at 46, 53. The court's sentence was thus tailored to Figueroa-Fagot's particular circumstances.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19