J-S77013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DONALD SHERRILL SR. | : | |
| | : | |
| Appellant | : | No. 2302 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 17, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0007125-2016

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 18, 2019**

David Donald Sherrill, Sr., appeals from the judgment of sentence imposed April 17, 2017, in the Bucks County Court of Common Pleas, made final by the denial of post-sentence motions on June 27, 2017.  Prior to sentencing, Sherrill pled *nolo contendere* to one count of involuntary deviate sexual intercourse ("IDSI") with a child less than 13 years of age.[1]  The court sentenced Sherrill to a term of 12 to 36 years' imprisonment.  On appeal, Sherrill raises a discretionary aspects of sentencing argument.  For the reasons below, we affirm the judgment of sentence.

---

* Retired Senior Judge assigned to the Superior Court.

[1]  **See** 18 Pa.C.S. § 3123(b).

The facts of Sherrill's underlying conviction are not pertinent to our disposition of his appeal. We briefly note that the facts related to Sherrill's *nolo contendere* plea involve the continuous sexual assault of his minor nephew, J.T., for approximately two years. **See** Trial Court Opinion, 8/31/2018, at 1-3; **see also** N.T., 4/17/2017, at 27-36.

The trial court set forth the procedural history as follows:

> On August 16, 2016, the Bristol Township Police Department arrested and charged [Sherrill] with Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child Less Than Thirteen Years of Age, Unlawful Contact with a Minor, Corruption of Minors, and Indecent Assault of a Person Less Than Thirteen Years of Age. On April 17, 2017, [Sherrill] pled *nolo contendere* to Count 2 and received a sentence of twelve to thirty-six years' incarceration in a state correctional facility. The remaining charges were *nolle prossed*.

> At sentencing, this Court heard victim impact testimony from the victim, JT, and [the victim's mother/Sherrill's sister]. This Court also heard testimony from [Sherrill]'s fiancée, Kimberly Winter. In sentencing [Sherrill], this Court considered [Sherrill]'s lack of prior criminal history, his age, and his waiver of the preliminary hearing and *nolo contendere* plea so as to spare the victim from testifying. This Court also considered [Sherrill]'s repeated victimization of JT, his nephew, over whom he had a position of authority and trust, and the impact that [Sherrill]'s actions would have over the course of the victim's life. The sentencing guidelines for Involuntary Deviate Sexual Intercourse with a Child Less Than Thirteen Years Old called for 72 to 240 months in the standard range and 60 months in the mitigated range. Accordingly, this Court sentenced [Sherrill] within the standard range for Count 2.

> On April 26, 2017, [Sherrill] filed a counseled Motion to Modify and Reconsider Sentence. On June 27, 2017, this Court held a hearing and denied [Sherrill]'s Motion. At the hearing, this Court heard testimony from [Sherrill]'s brother, daughter and oldest niece. [Sherrill]'s fiancée testified on his behalf for the second time. All four witnesses testified to their continued support

for [Sherrill] despite his conviction. Finally, [Sherrill] read his own statement to the Court, where he accepted "full responsibility for [his] actions," apologized to the victim and his mother, and expressed regret that his actions caused a rift in the family. However, subsequent testimony revealed that [Sherrill] did not accept responsibility for his actions when he spoke with his brother, as demonstrated by the following exchange:

[SHERILL'S BROTHER]: . . . As a retired detective from the Special Victims Unit I'd like it to be known that I have no knowledge of any of this occurring during the time from anybody, even though I was so close to everyone.

THE COURT: I don't know what you mean by that.

[SHERILL'S BROTHER]: I have no knowledge of any wrongdoing.

THE COURT: Do you accept that it happened?

[SHERILL'S BROTHER]: Excuse me?

THE COURT: Do you accept that it happened?

[SHERILL'S BROTHER]: I accept that something happened.

THE COURT: What do you mean something happened? Do you understand what he pled guilty to?

[SHERILL'S BROTHER]: Yes. I understand what he's charged and what he pled guilty to.

THE COURT: Do you accept that that happened?

[SHERILL'S BROTHER]: Yes.

THE COURT: That's hard for you to say.

[SHERILL'S BROTHER]: After 25 years in the police department doing special victim work, sexual offenders I'm very inexperienced in-I would say it's very hard to say that something did happen. I'm aware that something happened that-what he's pled to, the charge.

> THE COURT: And do you believe that he did the things he pled guilty to?
>
> [SHERILL'S BROTHER]: I understand he pled no contest, which commits to the facts of what he's being charged with and that's what he told me.
>
> THE COURT: Did he tell you he did it or not?
>
> [SHERILL'S BROTHER]: He told me he didn't do it.

N.T. 06/27/17, pp. 7-9. [Sherrill] further stated that he will "attend all classes related to my charges and seek treatment in counseling and spiritual guidance."

After the hearing, this Court denied [Sherrill]'s Motion to Modify and Reconsider Sentence. [Sherrill] filed a Notice of Appeal to the Superior Court on July 24, 2017, and challenged the discretionary aspects of his sentence.

While [Sherrill]'s appeal was pending, the Sexual Offenders Assessment Board ("SOAB") completed its evaluation of [Sherrill] and recommended that [he] be designated a sexually violent predator ("SVP"). [Sherrill]'s independent expert opined that [he] was not an SVP. On October 13, 2017, an SVP hearing was conducted at which the SOAB evaluator and [Sherrill]'s expert testified. This Court held its final determination of [Sherrill]'s SVP status under advisement and ordered that briefs be filed. On November 17, 2017, [Sherrill] filed a Memorandum of Law asserting that the SVP statute was declared unconstitutional in the Pennsylvania Superior Court's October 31, 2017 decision in **Commonwealth v. Butler**, 173 A.3d 1212 (2017), reargument denied (Jan. 3, 2018). Given the Superior Court's decision in **Commonwealth v. Butler**, determination of [Sherrill]'s SVP status was deferred.

On February 21, 2018, the Pennsylvania Legislature amended SORNA through the passage of 2018, Feb. 21, P.L. 27, No. 10 ("Act 10"). The purpose of Act 10 was, in part, to address the concerns raised in **Butler** and the enactment of Act 10 raised the possibility that further proceedings on the question of [Sherrill]'s SVP status could be conducted. *Cf.* 42 Pa.C.S. § 9799.24; *cf. also* 1 Pa.C.S. § 1922(3).

J-S77013-18

> On June 28, 2018, the Superior Court quashed [Sherrill]'s initial appeal because no order had been entered deciding [his] SVP status pursuant to Pennsylvania Rule of Appellate Procedure 301(a)(1). In response to the Superior Court's quashal, this Court formally declined to declare [Sherrill] an SVP pursuant to the decision in **Commonwealth v. Butler** and ordered its judgment of sentence of April 17, 2017 final. [Sherrill] filed a second Notice of Appeal to the Superior Court on July 31, 2018.

Trial Court Opinion, 8/31/2018, at 3-6 (footnote omitted).[2]

In his sole issue on appeal, Sherrill challenges the discretionary aspects of his sentence.[3] Specifically, he claims his sentence was manifestly excessive and clearly unreasonable because the trial court failed to consider "the protection of the public and the rehabilitative needs of [Sherrill] in contradiction of 42 Pa.C.S. § 9721(b)." Sherrill's Brief at 14. Moreover, he states "the court failed to take into account that [Sherrill] had never spent any time incarcerated prior to this offense and that by the time [Sherrill] is eligible for parole he will be [62] years old." **Id.** at 16.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

---

[2] On August 8, 2018, the trial court ordered Sherrill to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Sherrill filed a concise statement on August 24, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 31, 2018.

[3] "Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Sherrill filed a timely appeal and included in his appellate brief the necessary Pa.R.A.P. 2119(f) statement.

However, a review of the record reveals Sherrill did not preserve this issue at the sentencing proceeding or in his post-sentence motion. At the June 27, 2017, hearing, counsel for Sherrill made the following argument:

> Your, Honor, what I would say to Your Honor is, these are not easy crimes to take responsibility for -- or I should say an easy crime to take responsibility for. And what Mr. Sherrill did, despite the fact no matter what he said to his fiance and no matter what he said to [h]is brother, he came into court, he spared the victim in this case the revictimization of having to take the stand at the preliminary hearing, having to testify at a trial, and in that way has taken some responsibility, Your Honor.
>
> In addition, Your Honor, he is 50 years old. He knew what the guidelines were in this case. He knew that there was a possibility he would be -- not only a possibility -- a very strong possibility he would be serving a very lengthy sentence for that and despite that, he came in, he took responsibility for his actions.
>
> In light of that, Your Honor, I'm asking that you reconsider his sentence. He's 50 years old, he was in jail at the Bucks County Correctional Facility for several months, he has no misconducts, he's supported by his family. He's going to be a registered sexual

offender for the rest of his life and subject to the constraints associated with that, in addition to that, he will likely be on supervision for the rest of his life in light of his age.

N.T., 6/27/2017, at 17-18.

Additionally, while Sherrill did file a post-sentence motion challenging the discretionary aspects of his sentence, he merely alleged the following:

5. [Sherrill] submits and therefore avers he has additional information he would like to present to Your Honor.

6. [Sherrill] submits and therefore avers he would like to present additional witnesses to testify on his behalf.

Motion to Modify and Reconsider Sentence, 4/26/2017, at unnumbered 2. Sherrill never complained his sentence was manifestly excessive and clearly unreasonable as a result of the court's failure to consider the protection of the public and his rehabilitative needs either at sentencing or in the motion.[4] Therefore, Sherrill has not properly preserved his discretionary aspects of sentencing claim, and the issue is waived. *See Commonwealth v. Yockey*,

---

[4] Likewise, in his Rule 1925(b) concise statement, Sherrill did not raise these assertions. Rather, he generally stated the following:

1. Whether a sentence of [12] to [36] years was manifestly excessive when the sentence is unlikely to end during [Sherrill]'s lifetime?

2. Whether a sentence of [12] to [36] years was clearly unreasonable when [Sherrill] was [50] years old with no prior convictions, waived his preliminary hearing, and entered a plea?

Statement of Matters Complained of on Appeal, 4/24/2018, at 1.

158 A.3d 1246, 1259 (Pa. Super. 2017) ("Appellant did not preserve his discretionary aspects of sentencing claim at sentencing or in a post-sentence motion. Therefore, the claim is waived.").[5] Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/19

---

[5] In any event, the trial court set forth a reasonable explanation regarding the imposition of Sherrill's sentence in its Rule 1925(a) opinion, and therefore, if he had properly preserved the claim, it would have no merit. **See** Trial Court Opinion, 8/31/2018, at 7-9.