J-S32030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CIVELLO | : | |
| | : | |
| Appellant | : | No. 1773 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 24, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005339-2011

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 20, 2019**

Appellant James Civello appeals from the judgment of sentence imposed for a violation of his probation. Appellant contends that the trial court's violation of probation (VOP) sentence of nine months' to three years' imprisonment was manifestly excessive. We affirm.

We state the facts and procedural history as set forth by the trial court:

On June 25, 2012, [Appellant] entered an open guilty plea to one count of corruption of minors and was sentenced on September 13, 2012 to serve no less than time-served and no more than twenty-three months. This sentence was to be followed by three years' probation. After multiple violations, revocations, and jail time, [Appellant] was released again on parole. During this period of supervision, he was charged in Bucks County, Pennsylvania with [driving under the influence (DUI)]: Highest Rate of Alcohol and related offenses. On April 25, 2018, [Appellant] entered a negotiated guilty plea. [Appellant] then stipulated to the direct

and technical violations of his parole[1]for the underlying offense and the **Gagnon** [hearing[2]] proceeded to sentencing before th[e trial c]ourt on May 24, 2018.  [Appellant] was re-sentenced to a term of imprisonment for no less than nine months to no more than three years in a state correctional institution.

[Appellant] filed a post-sentence motion for reconsideration of his sentence on June 1, 2018 which was denied.  A notice of appeal was thereafter filed in a timely manner.  Following receipt of the aforementioned notice, this Court, pursuant to Pa.R.A.P. [] 1925, directed [Appellant] to submit a concise statement of error complained of on appeal.  Upon the grant of leave for an extension of time, [Appellant]'s statement was filed.

Trial Ct. Op., 5/24/18, at 1-2.

Appellant raises the following question on appeal: "Was the sentence of nine months to three years of total confinement on a probation violation manifestly excessive?"  Appellant's Brief at 4.

On appeal, Appellant asserts that the trial court failed to consider his mental illness as a mitigating factor for the purposes of sentencing.  **Id.** at 10-11.  Appellant further contends that the trial court improperly focused on Appellant's mental health needs to justify a longer state sentence.  **Id.** at 11.  Appellant emphasizes that "[t]he fact that county facilities are inadequate to treat disabled inmates does not provide justification for a longer term of confinement" in a state correctional institution.  **Id.** at 11-12.

Appellant also claims the trial court erred in finding that he was not amendable to treatment.  **Id.** at 12-13.  In support, Appellant takes issue with

---

[1] Although the trial court stated it sentenced on a revocation of parole, the record indicates that the new sentence was for a violation of probation.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 2 -

the trial court's statement that he "absconded" from treatment facilities. *Id.* Appellant asserts that the trial court failed to acknowledge that he voluntarily sought treatment for his mental illness, which caused him to miss two scheduled polygraph examinations. *Id.* at 12-13. Appellant further explains that he was discharged from a mandatory counseling program because he was unable to pay for a third polygraph examination upon his release from a hospital. *Id.* at 12. Appellant concludes that the trial court gave undue weight to his technical violations as evidence that he could not be treated in the community. *Id.* at 12-13.

Lastly, Appellant contends that the trial court did not give "due consideration" to Appellant's previous time spent on probation prior to the revocation. *Id.* at 10. In support, Appellant notes that he already served "2.27 years and 122 days of probation." *Id.* at 14. Appellant emphasizes that he had no criminal record prior to his initial conviction for corruption of minors. *Id.* at 10.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

- 3 -

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted).

Here, Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. *See id.* Additionally, the claim that the trial court imposed an excessive sentence by failing to consider all relevant sentencing factors presents a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015). Therefore, we will review Appellant's claim.

In matters involving the discretionary aspects of a VOP sentence, our standard of review is as follows:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (citation omitted). "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

The statute governing the modification or revocation of probation provides:

**§ 9771. Modification or revocation of order of probation**

\* \* \*

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

    (1) the defendant has been convicted of another crime; or

    (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

    (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(b)-(c).

Further, this Court has held that the trial court must consider the sentencing factors contained in 42 Pa.C.S. § 9721(b). **See Cartrette**, 83 A.3d at 1040-41; **Derry**, 150 A.3d at 995. Specifically, the trial court must follow the principles "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **See Derry**, 150 A.3d at 993 (quoting **Cartrette**, 83 A.3d at 1040-41) (emphasis omitted); **see also** 42 Pa.C.S. § 9721(b).

When imposing a VOP sentence, the trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically

reference the statutes in question." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014). As the Pennsylvania Supreme Court explained:

> since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [pre-sentence investigation report (PSI)] during the initial sentencing proceedings.

***Pasture***, 107 A.3d at 28. Where a PSI exists, we "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted).

Instantly, the trial court explained its sentencing decision as follows:

> All right then, the [c]ourt has the benefit of a presentence investigation and report, together with the Rise Above report and the Probation Department's report. The [c]ourt has carefully considered those, in addition to the information supplied today by counsel and [Appellant].
>
> His family history and background are set forth in the report, as is his physical and mental condition, also drug and alcohol and his education. I have considered all these things.
>
> The Rise Above report does recommend that he be placed in a drug and alcohol rehabilitation program, such as a halfway house, after he is released from prison, and continue to work with sexual offender therapy and continue work with a psychiatrist.
>
> The Probation Department notes that this is [Appellant]'s third violation of supervision for some of the same type of behavior.

Here, as I said, he had a new arrest that was a serious matter. He failed to report. He absconded. This is not appropriate behavior.

His initial crime led to a prison sentence. That was a serious case. Then his violation, as noted, he had a six month initial violation and a nine month violation.

Certainly a prison sentence is necessary to vindicate the authority of the [c]ourt and the Probation and Parole Department. He hasn't fared well under supervision. I will sentence him as follows:

He will undergo imprisonment for not less than nine months nor more than three years. He'll be sent to the Department of Corrections.

The [c]ourt will make a note that he should receive mental health treatment, if possible.

N.T., 5/24/18, at 9-11.

Following our review, we find no reversible error. The trial court considered Appellant's mental health needs, as well as the apparent lack of success Appellant had attempting to address those issues through voluntary admissions to mental health facilities in the community. Although it does not appear from the record that Appellant absconded from those facilities, the trial court was entitled to consider Appellant's own statements that the treatment he voluntarily received was inadequate.

Moreover, the trial court did not give undue weight to Appellant's technical violations, which included his failure to appear for two polygraph examinations, and his eventual discharge from mandatory treatment based on his inability to pay for a third polygraph examination. Appellant previously violated his probation by having contact with the victim of his underlying conviction for corruption of a minor, and, as noted by the trial court, the

instant revocation proceeding was initiated based in part on a new DUI conviction. Lastly, the trial court had the PSI, which was prepared in anticipation of the VOP sentencing hearing, and we can presume it was aware of the relevant sentencing factors contain in the report, including the length of time Appellant spent on probation. *See Walls*, 926 A.2d at 967 n.7.

In sum, we conclude that the trial court adequately considered all relevant sentencing factors. *See Derry*, 150 A.3d at 995. Appellant has not identified a reversible abuse of discretion in the trial court's decision to impose a VOP sentence of nine months to three years' confinement. *Cf. Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa. Super. 2008) (noting that even if the trial "court relies on a factor that should have not been considered, there is no abuse of discretion when the decision of the [trial] court has significant other support" (citations omitted)). Accordingly, we discern no basis to disturb the trial court's sentence. *See Schutzues*, 54 A.3d at 98.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/19