J-S66028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                                                 :

             v.                                 :
                                               :
                                             :

JAVIER GONZALEZ                      :
                                             :
                  Appellant           :      No. 2684 EDA 2018

Appeal from the Judgment of Sentence Entered June 11, 2009
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004027-2007

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:          **FILED JANUARY 13, 2020**

Appellant Javier Gonzalez appeals *nunc pro tunc* from the judgment of sentence imposed following his jury trial convictions for robbery and conspiracy.[1]  Appellant contends that the trial court erred in applying the deadly weapon possessed enhancement and imposed an unreasonable sentence.  We affirm.

A prior decision from this Court set forth the relevant procedural history as follows:

> On May 5, 2009, a jury convicted Appellant of robbery, threat of immediate serious bodily injury and criminal conspiracy for his participation in a gunpoint robbery committed on October 23, 2006.  The trial court sentenced Appellant to an aggregate period of [fourteen] years [nine] months to [thirty-seven] years of

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 903(a)(1), respectively.

imprisonment.[2]  After the trial court denied Appellant's motion for reconsideration of sentence,[3] Appellant filed a direct appeal. This Court dismissed the appeal on September 9, 2009, after Appellant's counsel failed to file a docketing statement.

On July 25, 2011, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of appellate counsel for failing to keep him apprised of the status of his direct appeal.  The PCRA court appointed counsel, who filed an amended PCRA petition and memorandum of law in support of the amended PCRA petition on November 14, 2012.  On April 22, 2014, Appellant, proceeding *pro se*, filed another amended PCRA petition.  On June 20, 2014, the PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing.  On July 7, 2014, again proceeding *pro se*, Appellant filed a response to the PCRA court's Rule 907 notice.  On July 21, 2014, the PCRA court entered an order dismissing the PCRA petition.

***Commonwealth v. Gonzalez***, 2544 EDA 2014, at 1-2 (Pa. Super. filed Oct.

15, 2015) (unpublished mem.) (footnotes omitted).  This Court affirmed the

PCRA court's order on October 15, 2015.

_____

[2] The trial court sentenced Appellant to ninety-six to two hundred twenty-eight months' imprisonment for the robbery conviction.  With a prior record score (PRS) of five, an offense gravity score (OGS) of ten, and application of the deadly weapon possessed enhancement, the sentencing guidelines called for a minimum sentence of sixty-nine to eighty-one months' imprisonment, plus or minus twelve months for aggravating or mitigating factors, for Appellant's robbery conviction.  ***See*** N.T. Sentencing, 6/11/09, at 2-4.

The trial court also sentenced Appellant to a consecutive term of eighty-one to two hundred sixteen months' imprisonment for the conspiracy conviction. With a PRS of five, an OGS of nine, and application of the deadly weapon possessed enhancement, the sentencing guidelines called for a minimum sentence of fifty-seven to sixty-nine months' imprisonment, plus or minus twelve months for aggravating or mitigating factors, for Appellant's conspiracy conviction.  ***Id.*** at 4.

[3] Appellant's motion for reconsideration of sentence focused on the application of the deadly weapon enhancement.

On June 17, 2016, our Supreme Court vacated this Court's decision and remanded the matter to the PCRA court for appointment of new PCRA counsel. Further, the Supreme Court directed new PCRA counsel to determine whether Appellant could advance a colorable claim that counsel abandoned Appellant on direct appeal.

The PCRA court subsequently appointed new PCRA counsel, who filed an amended PCRA petition on Appellant's behalf on March 20, 2017. In the amended petition, Appellant argued that he would have pursued his direct appeal rights had prior counsel not abandoned him.

The PCRA court dismissed Appellant's amended petition on January 16, 2018. Despite the fact that he was still represented by new PCRA counsel, Appellant filed an untimely *pro se* notice of appeal on April 24, 2018. On July 20, 2018, this Court remanded the matter for a determination as to whether new PCRA counsel had abandoned Appellant. Upon remand, the PCRA court appointed current counsel. The PCRA court also reinstated Appellant's direct appeal rights *nunc pro tunc* on August 28, 2018.[4] In light of the order granting relief, Appellant withdrew and discontinued his prior appeal with this Court.

On September 13, 2018, Appellant timely filed a notice of appeal *nunc pro tunc* from his judgment of sentence. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained

---

[4] The PCRA court's order indicated that it granted PCRA relief based "on motion of" current counsel. Order, 8/28/18. The certified record, however, does not include a copy of current counsel's motion reiterating Appellant's request for PCRA relief.

of on appeal. Nevertheless, Appellant filed a Rule 1925(b) statement on January 25, 2019. The PCRA court did not file a responsive opinion. Rather, the PCRA court submitted a letter, dated February 13, 2019, explaining that the judge who presided over the PCRA proceedings did not impose the judgment of sentence and it would forward the certified record without a Rule 1925(a) opinion.

Appellant now raises one question for this Court's review:

> Was the sentence imposed by the trial court manifestly unreasonable and an abuse of discretion because the trial court imposed an aggregate sentence outside the sentence guidelines when there was nothing in Appellant's record or the facts of the incident that require a sentence outside the sentence guidelines?

Appellant's Brief at 2.

We summarize Appellant's arguments in the order we will address them. First, Appellant emphasizes the following: (1) the jury did not convict him of any firearms offenses; (2) he did not actually possess the firearm during the robbery; (3)his coconspirator did not discharge the firearm; and (4) he "was acting under duress" during the commission of the crimes. *Id.* Under these circumstances, Appellant argues that the trial court erred in applying the deadly weapon possessed sentencing enhancement. *Id.* at 13.

Second, Appellant asserts that the trial court imposed unreasonable sentences because there was no reason to go outside the guideline ranges or impose consecutive sentences. *Id.* at 13-14. Appellant claims "there was nothing aggravating in the incident and the Commonwealth introduced no

victim impact evidence at sentencing." *Id.* at 11. Appellant further argues that he was twenty-nine years old at the time of sentencing, he possessed a GED, he did not have "prior violent felony convictions," and his family supported his rehabilitative needs. *Id.* at 12. Appellant also contends that he "participated in the prison programs available to him" during his pretrial confinement. *Id.* Based upon the foregoing, Appellant insists that the record did not support the trial court's determination that he was beyond rehabilitation. *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted); *see also Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (noting that a claim that the trial court misapplied the deadly weapon enhancement goes to the discretionary aspect of sentence). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised

for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Here, Appellant timely filed a notice of appeal *nunc pro tunc*, and preserved his challenge to the application of the deadly weapon enhancement in his post-sentence motion, statement of errors complained of on appeal, and his concise statement of reasons for allowance of appeal. ***See Corley***, 31 A.3d at 296. Moreover, Appellant's challenge to the application of the deadly weapon enhancement raises a substantial question. ***See Commonwealth v. Tavarez***, 174 A.3d 7, 10 (Pa. Super. 2017). Therefore, we will review this claim.

In matters involving the discretionary aspects of sentencing, our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Application of the deadly weapon enhancement of sentencing guidelines provided as follows:

**(a) Deadly Weapon Enhancement.**

- 6 -

(1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17). An offender has possessed a deadly weapon if any of the following were on the offender's person **or within his immediate physical control**:

(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded[.]

204 Pa. Code § 303.10(a)(1)(i) (eff. June 2005) (emphasis added). A trial court can apply the deadly weapon possessed enhancement when sentencing a defendant who does not actually possess such a weapon. *See Phillips*, 946 A.2d at 114. Specifically, this Court has held that the application of the deadly weapon possessed enhancement was appropriate if the defendant (1) was in the immediate vicinity of his armed coconspirator when a firearm was used to threaten a robbery victim, (2) had knowledge of the existence of the firearm, and (3) "could easily have been given or taken the firearm at any moment during the robbery." *See id.* (citation, footnote, and quotation marks omitted).

Instantly, the complainant testified that Appellant and another man approached him and demanded his money. N.T. Trial, 5/1/09, at 17. As Appellant's coconspirator stood about a foot away and kept a firearm pointed at the complainant's chest, Appellant reached into the complainant's pockets and removed money and a cell phone. *Id.* at 22-23. This testimony from the complainant justified the trial court's decision to apply the deadly weapon possessed enhancement. *See Phillips*, 946 A.2d at 114.

Next, Appellant challenges the trial court's sentence as unreasonable under the circumstances of this case. Appellant, however, did not preserve this claim in his post-sentence motion. Therefore, the claim is waived. *See Corley*, 31 A.3d at 296.

Even if we were to address Appellant's claim, we would conclude that no relief was due. Section 9721 of the Sentencing Code states that in sentencing a defendant,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing . . . .

42 Pa.C.S. § 9721(b). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted).

"When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citations and quotation marks omitted). Section 9781(d)

sets forth the factors considered by this Court in evaluating the reasonableness of a sentence outside the guidelines:

> **(d) Review of record.—**In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

"A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." **Sheller**, 961 A.2d at 191 (citation and quotation marks omitted). Moreover, where a pre-sentence investigation (PSI) report exists, we shall "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Walls**, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted).

Instantly, the trial court provided the following reasons to support its sentencing decision:

> We've got our starting point here, using the matrix that I believe we should be using, calls for a standard range using the deadly

- 9 -

weapon enhancement possessing matrix of anywhere from 69 to 81 plus or minus 12.

I note for the record [Appellant's] own words show no remorse whatsoever for what he did to [the complainant]. He's accepted no responsibility whatsoever. Still maintains the preposterous defense that the jury didn't buy. I don't buy.[5]

That means that when you don't accept responsibility, when you don't show remorse for what you've done for your violent crimes, that you're not even close to being rehabilitated.

And I'm supposed to take in your potential for rehabilitation when I give this individualized sentence. Your potential for rehabilitation as you sit in front of me is zero.

You've learned nothing. And I agree with [the author of the PSI], who indicated that, you would be a threat because of what your record shows. And you're self-absorbed, self-centered attitude, which I may add is manipulative.

So I also note that I respect the guidelines. But here [Appellant] got at least one break where [sentences in an unrelated case] were imposed in a concurrent fashion.

*   *   *

And although I agree, in part, with what [Appellant's counsel] indicated, that perhaps this is a routine commonplace robbery,

_____

[5] At trial, Appellant testified that he was alone and walking to a friend's house on the night of the robbery. N.T. Trial, 5/4/09, at 12. An unknown male approached Appellant, brandished a firearm, and threatened to shoot him if he did not hand over his money. *Id.* at 14-16. As Appellant complied with the gunman's demands, the complainant approached. *Id.* at 16. Appellant testified that the gunman told him, "You're going to help me rob [the complainant] or I'm going to . . . kill you." *Id.* Thereafter, Appellant told the complainant "this is a stick-up." *Id.* at 17. At sentencing, Appellant reiterated that his trial testimony "was true whether the jury saw it my way or not." N.T. Sentencing at 13.

[Appellant] did utter some threatening words to [the complainant] that "run or I'll shoot you."[6]

It was additional cruelty that didn't need to be inflicted upon a frightened human being who had a right to be walking down that street in peace and quiet which you violated.

N.T. Sentencing at 15-17.

Significantly, the trial court had Appellant's PSI. Therefore, we can presume it was aware of the relevant sentencing factors. *See Walls*, 926 A.2d at 967 n.7. Further, the trial court placed its reasons for imposing the consecutive sentences on the record, emphasizing concerns about Appellant's prospects for rehabilitation and inability to accept responsibility for the offenses. Our review of the record also reveals that the sentences accounted for the nature and circumstances of the offense, the history and characteristics of Appellant, the information in the PSI, and the guidelines. *See* 42 Pa.C.S. § 9781(d).

On this record, and in light of our standards of review, we conclude the trial court's sentence was not unreasonable. *See Walls*, 926 A.2d at 967-68; *Sheller*, 961 A.2d at 191. Based on our review of the record, the trial court did not abuse its discretion in imposing consecutive sentences above the aggravated range of the guidelines. *See Raven*, 97 A.3d at 1253. Therefore, Appellant's claim is meritless.

Judgment of sentence affirmed.

---

[6] Specifically, the complainant testified that Appellant told him, "Don't even try it or we'll shoot you."  N.T. Trial, 5/1/09, at 25.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/13/20</u>